[No. 14351–4–I.  Division One.  March 11, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID OSCAR SMITH, *Appellant.*

*Cody & Hatch, Inc., P.S.,* and *George W. Cody,* for appellant (appointed counsel for appeal).

*C. Thomas Moser, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—On August 9, 1983, David Smith was charged by information with first degree murder. Trial commenced on October 17, 1983, but was halted the next day by a plea bargain. Pursuant thereto, the State filed an amended information, charging Smith with second degree murder. The amended information was read to Smith, he orally pleaded guilty, and submitted a statement of defendant on plea of guilty. The court went over this statement with the defendant item by item, page by page. It appears that the defendant answered all questions affirmatively.[1] One of the statements was that "On Jan. 8, 1982, I shot Louis Lamire with a .357 pistol." Clerk's Papers, at 6. The prosecutor recited the facts he expected to prove, and the trial court then accepted the guilty plea and found Smith guilty of second degree murder.

On December 2, 1983, Smith moved to vacate the guilty plea, which motion was denied by the trial court following a hearing and entry of findings of fact. Smith appeals.

The issue is whether the trial court complied with CrR 4.2(d), which provides:

**Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea.

---

[1]The verbatim report of proceedings filed in support of the appeal contains only a record of the proceedings regarding the motion to vacate the plea of guilty. The information concerning what transpired at the plea bargain hearing is gleaned from the findings of fact entered following that hearing and the trial court's oral decision.

The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Smith contends that the factual basis for the plea can be established only by the defendant's admissions or the defendant's acknowledgment of the prosecutor's recitation of facts he expects to prove at trial. The rule is that the factual basis required by CrR 4.2(d) may be established from any reliable source so long as the material relied upon by the trial court is made a part of the record. *State v. Newton,* 87 Wn.2d 363, 369–71, 552 P.2d 682 (1976). It is undisputed that Smith's statement and the prosecutor's statement were made a part of the record and established a factual basis for Smith's plea of guilty.

Affirmed.

COLEMAN and WEBSTER, JJ., concur.

Reconsideration denied May 22, 1985.

Review denied by Supreme Court August 16, 1985.